14-324-cv
State of New York v. PVS Chemicals, Inc. (New York)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fourteen.

PRESENT: RALPH K. WINTER,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

THE STATE OF NEW YORK,

*Plaintiff-Counter-Defendant-Appellant,*

v.                                        No. 14-324-cv

PVS CHEMICALS, INC. (NEW YORK),

*Defendant-Counter-Claimant-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:          DENISE A. HARTMAN, Assistant Solicitor General
                        (Barbara D. Underwood, Solicitor General,

Andrew D. Bing, Deputy Solicitor General, Timothy Hoffman, Assistant Attorney General of Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

FOR APPELLEE: DAVID L. ROACH, Blair & Roach, LLP, Tonawanda, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (H. Kenneth Schroeder, Jr., *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED AND REMANDED.

The State of New York appeals from the District Court's January 2, 2014 decision and order granting in part and denying in part a petition for dispute resolution filed by PVS Chemicals, Inc. (New York). The District Court's order enjoined New York from commencing proceedings against PVS for remediation of environmental conditions known to the State at the time it signed a 2002 stipulation and order of settlement ("the settlement order") settling its 1997 lawsuit against PVS. The District Court denied PVS's petition in all other respects. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

We review the District Court's interpretation of the settlement order de novo. See Broad. Music, Inc. v. DMX Inc., 683 F.3d 32, 43 (2d Cir. 2012). Court-approved settlement orders, or consent decrees, "are construed 'basically as contracts.'" Id. "When the language of a consent decree is unambiguous, deference is paid to the plain meaning of the decree's language." Id. "When the

2

language of a decree is ambiguous, however, a court may consider, <u>inter alia</u>, extrinsic evidence to determine the parties' intent, including the purpose of the provision and the overall context of the decree." <u>Id.</u>

We conclude that the language of the settlement order is ambiguous. There is a reasonable basis for interpreting the contract to release all civil claims against PVS based on environmental conditions known to New York as of the effective date of the settlement order. The settlement order's Reservation of Rights clause, which reserves "[t]he State's right to proceed against [PVS] for any liability that may result from the State's determination, after review of [site investigation reports submitted by PVS], that further groundwater and/or soil-related measures are required by law to be performed by [PVS]," can be read to apply only where, on the basis of its review of the site investigation reports, New York discovers new or worsened environmental conditions that require "further" remediation. However, the Reservation of Rights clause can also reasonably be read to encompass environmental conditions known to New York when the District Court filed the settlement order. The clause is not explicitly limited to unknown or worsened environmental conditions, nor does it state that New York must base its decision to initiate further proceedings on its review of the site investigation reports.

Because the settlement order is ambiguous and the parties have not had a full opportunity to present extrinsic evidence of their intent, we remand to the District Court so that it may consider such evidence in determining the parties' intent. <u>See</u> <u>In re Holocaust Victim Assets Litig.</u>, 282 F.3d 103, 111 (2d Cir. 2002) (holding consent decree provision ambiguous and vacating and remanding to the district court to permit submission of extrinsic evidence).

3

We have considered all remaining arguments and conclude that they are without merit. For the foregoing reasons, we VACATE the District Court's judgment insofar as it enjoined New York from commencing remediation proceedings against PVS and REMAND for further proceedings consistent with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court